NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No.242101)
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2091
    Facsimile: (213) 894-2927
    Email:    mack.jenkins@usdoj.gov
              veronica.dragalin@usdoj.gov
              melissa.mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-35-JFW |
|---|---|
| Plaintiff, | STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND COOPERATING WITNESS INFORMATION |
| v. | |
| MITCHELL ENGLANDER, | |
| Defendant. | PROPOSED ORDER FILED SEPARATELY |

      Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney MACK E. JENKINS, VERONICA DRAGALIN, and MELISSA MILLS, and defendant MITCHELL ENGLANDER ("defendant"), by and through his counsel of record, JANET LEVINE (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of

(1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), and (2) information related to confidential informants and/or cooperating witnesses who may testify at trial.

<u>Introduction and Grounds for Protective Order</u>

1.  Defendant is charged in this matter with one count of falsifying material facts, in violation of 18 U.S.C. § 1001(a)(1), three counts of false statements, in violation of 18 U.S.C. § 1001(a)(2), and three counts of obstruction of justice, in violation of 18 U.S.C. § 1512(b)(3).  Defendant is released on bond pending trial.

2.  A protective order is necessary because the government intends to produce to the defense materials regarding confidential informants or cooperating witnesses who participated in the government's investigation and who may testify at trial.  Because these materials could be used to identify the confidential informants or cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her and their families to potential safety risks.

3.  A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery

containing this information without the Court entering the Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

4.   The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent the defendant.

Definitions

5.   The parties agree to the following definitions:

a.   "CI Materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

1　　　　　b.　"PII Materials" includes any information that can be
2　used to identify a person, including a name, address, date of birth,
3　Social Security number, driver's license number, telephone number,
4　account number, email address, or personal identification number.
5　　　　　c.　"Confidential Information" refers to any document or
6　information containing CI Materials or PII Materials that the
7　government produces to the defense pursuant to this Protective Order
8　and any copies thereof.
9　　　　　d.　"Defense Team" includes (1) defendant's counsel of
10　record ("defense counsel"); (2) other attorneys at defense counsel's
11　law firm who may be consulted regarding case strategy in this case;
12　(3) defense investigators who are assisting defense counsel with
13　this case; (4) retained experts or potential experts; and
14　(5) paralegals, legal assistants, and other support staff to defense
15　counsel who are providing assistance on this case.  The Defense Team
16　does not include defendant, defendant's family members, or any other
17　associates of defendant.
18　　　Terms of the Protective Order
19　　6.　The parties jointly request the Court enter the Protective
20　Order, which will permit the government to produce Confidential
21　Information in a manner that preserves the privacy and security of
22　third parties.  The parties agree that the following conditions in
23　the Protective Order will serve these interests:
24　　　　　a.　The government is authorized to provide defense
25　counsel with Confidential Information marked with the following
26　legend: "SUBJECT TO PROTECTIVE ORDER."  The government may put that
27　legend on the digital medium (such as DVD or hard drive) or simply
28　label a digital folder on the digital medium to cover the content of

4

that digital folder.  The government may also redact any PII contained in the production of Confidential Information.

      b.   If defendant objects to a designation that material contains Confidential Information, the parties shall meet and confer.  If the parties cannot reach an agreement regarding the defendant's objection, the defendant may apply to the Court to have the designation removed.

      c.   Defendant and the Defense Team agree to use the Confidential Information solely to prepare for any pretrial motions, plea negotiations, trial, sentencing hearing, and appellate and post-conviction proceedings.

      d.   The Defense Team shall not permit anyone other than the Defense Team to have possession of Confidential Information, including defendant, while outside the presence of the Defense Team.  Defendant may see and review Confidential Information only in the presence of the Defense Team, and the Defense Team shall ensure that defendant is never left alone with any Confidential Information.  At the conclusion of any meeting with defendant at which defendant is permitted to view Confidential Information, defendant must return any Confidential Information to the Defense Team, who shall take all such materials with counsel.  Defendant may not take any Confidential Information out of the room in which defendant is meeting with the Defense Team.  At no time, under no circumstance, will any Confidential Information be left in the possession, custody, or control of defendant, regardless of the defendant's custody status.

      e.   Defendant may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy,

keep, maintain, or otherwise possess any Confidential Information in this case at any time. Defendant also may not write down or memorialize any data or information contained in the Confidential Information.

   f. The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant. A member of the Defense Team must be present if Confidential Information is being shown to a witness or potential witness. Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order. No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

   g. The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence. PII Materials and CI Materials shall not be left unattended in any vehicle.

   h. To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that

copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

     i.   The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any CI Materials or PII Materials and make all reasonable attempts to limit the divulging of CI Materials or PII Materials.

     j.   The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

       k.   Upon the final disposition of this case, Confidential Information shall not be used by the Defense Team, in any way, in any other matter, absent a court order.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by court order.  Upon request by the government, within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all Confidential Information, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

       l.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all Confidential Information.

       m.   Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the

Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

n. Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

o. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: March 9, 2020

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

_/s/ Veronica Dragalin_
MACK E. JENKINS
VERONICA DRAGALIN
MELISSA MILLS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: March 9, 2020

_/s/ Janet Levine_
JANET LEVINE
Attorney for Defendant
MITCHELL ENGLANDER