NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
VERONICA DRAGALIN (Cal. Bar No. 281370)
MELISSA MILLS (Cal. Bar No. 248529)
Assistant United States Attorney
Public Corruption and Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091
     Facsimile: (213) 894-2927
     Email:    mack.jenkins@usdoj.gov
               veronica.dragalin@usdoj.gov
               melissa.mills@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR. 20-35-JFW |
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MITCHELL ENGLANDER, | |
| Defendant. | **CURRENT TRIAL DATE:** May 5, 2020<br>**PROPOSED TRIAL DATE:** September 8, 2020<br>**PROPOSED CHANGE OF PLEA DATE:** June 4, 2020 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins, Veronica Dragalin, and Melissa Mills, and defendant MITCHELL

ENGLANDER ("defendant"), both individually and by and through his counsel of record, Janet Levine, hereby stipulate as follows:

1. The Indictment in this case was made public on March 9, 2020. Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on March 9, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 18, 2020.

2. On March 12, 2020, the Court set a trial date of May 6, 2020, a status conference date of April 20, 2020.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 4 days.

4. By this stipulation, defendant moves to continue the trial date to September 8, 2020 and set a change of plea hearing for June 4, 2020 at 8:00 a.m. This is the first request for a continuance.

5. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a. Defendant is charged with a violation of 18 U.S.C. § 1001(a)(1): Falsifying Material Facts; 18 U.S.C. § 1001(a)(2): Making False Statements; 18 U.S.C. § 1512(b)(3): Tampering with a Witness, Victim, or Informant and Obstruction of Justice. The government has produced discovery to the defense, including over 3,218 pages and a USB containing native files.

   b. Counsel represents that she will not have the time that she believes is necessary to prepare to try this case on the current trial date.

   c. On March 13, 2020, the Court entered a General Order

1 suspending jury selection and jury trials scheduled to begin before
2 April 13, 2020. C.D. Cal. General Order No. 20-02, In Re: Coronavirus
3 Public Emergency, Order Concerning Jury Trials and Other Proceedings
4 (March 13, 2020). The same day, the Court entered another General
5 Order imposing health- and travel-related limitations on access to
6 Court facilities. C.D. Cal. General Order No. 20-03, In Re:
7 Coronavirus Public Emergency, Order Concerning Access to Court
8 Facilities (March 13, 2020).
9          d.   On April 13, 2020, the Court entered a General Order
10 suspending jury selection and jury trials scheduled to begin before
11 June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus
12 Public Emergency, Order Concerning Jury Trials and Other Proceedings
13 (April 13, 2020). These orders were imposed based on both (1) the
14 California Governor's declaration of a public-health emergency in
15 response to the spread of COVID-19, as well as (2) the Centers for
16 Disease Control's advice regarding reducing the possibility of
17 exposure to the virus and slowing the spread of the disease. See
18 General Order 20-05, at 1.
19          e.   On March 29, 2020, the Chief Judge entered an order
20 finding that for 90 days from March 29, 2020, in-person pleas and
21 sentencings "cannot be conducted in person without seriously
22 jeopardizing public health and safety." C.D. Cal. Order of the Chief
23 Judge No. 20-043, In Re: Coronavirus Public Emergency, Use of Video
24 and Telephonic Conference Technology in Certain Criminal Proceedings.
25          f.   In light of the foregoing, counsel for defendant also
26 represent that additional time is necessary to confer with defendant,
27 conduct and complete an independent investigation of the case,
28 conduct and complete additional legal research including for

3

1  potential pre-trial motions, review the discovery and potential
2  evidence in the case, and prepare for trial in the event that a
3  pretrial resolution does not occur.  Defense counsel represents that
4  failure to grant the continuance would deny her reasonable time
5  necessary for effective preparation, taking into account the exercise
6  of due diligence.
7              g.   Defendant believes that failure to grant the
8  continuance will deny him continuity of counsel and adequate
9  representation.
10             h.   The government does not object to the continuance.
11             i.   The requested continuance is not based on congestion
12 of the Court's calendar, lack of diligent preparation on the part of
13 the attorney for the government or the defense, or failure on the
14 part of the attorney for the Government to obtain available
15 witnesses.
16      6.   For purposes of computing the date under the Speedy Trial
17 Act by which defendant's trial must commence, the parties agree that
18 the time period of May 5, 2020 to September 8, 2020 inclusive, should
19 be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and
20 (h)(7)(B)(iv) because the delay results from a continuance granted by
21 the Court at defendant's request, without government objection, on
22 the basis of the Court's finding that: (i) the ends of justice served
23 by the continuance outweigh the best interest of the public and
24 defendant in a speedy trial; (ii) failure to grant the continuance
25 would be likely to make a continuation of the proceeding impossible,
26 or result in a miscarriage of justice; and (iii) failure to grant the
27 continuance would unreasonably deny defendant continuity of counsel
28 and would deny defense counsel the reasonable time necessary for

4

effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: April 17, 2020         Respectfully submitted,

                              NICOLA T. HANNA
                              United States Attorney

                              BRANDON D. FOX
                              Assistant United States Attorney
                              Chief, Criminal Division

                              /Mack E. Jenkins/

                              MACK E. JENKINS
                              Assistant United States Attorney

                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA


                              /Janet Levine/*
Dated: April 17, 2020         JANET LEVINE
                              Attorney for Defendant
                              MITCHELL ENGLANDER
                                  *per email authorization

5

I am DEFENDANT's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than the proposed date is an informed and voluntary one.

*/Janet Levine/*                                     April 17, 2020
_____      _____
JANET LEVINE                              Date
Attorney for Defendant
MITCHELL ENGLANDER
*per email authorization*